NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

MATTHEW C. BLACKERT,                    )
                                        )
            Appellant,                  )
                                        )
v.                                      )       Case No. 2D13-3325
                                        )
STATE OF FLORIDA,                       )
                                        )
            Appellee.                   )
                                        )
_____     )

Opinion filed July 9, 2014.

Appeal from the Circuit Court for Lee
County; Bruce E. Kyle, Judge.

Melissa Montle and Seth E. Miller of the
Innocence Project of Florida, Inc.,
Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and John M. Klawikofsky,
Assistant Attorney General, Tampa, for
Appellee.


SLEET, Judge.

            Matthew Blackert appeals the partial denial of his motion for

postconviction DNA testing filed pursuant to Florida Rule of Criminal Procedure 3.853.

Because the postconviction court's denial of the motion as to the victim's clothing is not

supported by competent, substantial evidence, we reverse that portion of the order.

However, we affirm without comment the postconviction court's holding that the testing should be conducted by the Florida Department of Law Enforcement (FDLE).

After a jury convicted Blackert of five counts of capital sexual battery, the trial court sentenced him to five concurrent life sentences. At trial, both parties stipulated that the DNA results from the presumptive testing initially conducted on the victim's clothing and the assault kit were negative for DNA foreign to the victim. The State's only evidence implicating Blackert in the sexual battery was the six-year-old victim's identification of "Uncle Matt" as her assailant.

In his rule 3.853 motion, Blackert sought DNA testing of the sexual assault kit and the clothing collected from the victim. He argued that additional DNA testing of the victim's clothing was necessary because semen may still exist on the victim's clothing despite the pretrial negative presumptive tests and that testing of that semen would produce a DNA profile indicating the genetic identity of the perpetrator. The postconviction court granted the motion as to the sexual assault kit, but denied the motion as to the victim's clothing. The court found that the clothing was not likely to yield evidence that would exonerate Blackert because "the record reflected that there may have been innocent reasons for the presence of other male biological material on the clothing," and that there may be a chain of custody issue as to the clothing.

Under rule 3.853, "DNA testing procedures should be allowed if the results would create a 'reasonable probability that the defendant would have been acquitted if the DNA evidence had been admitted at trial.' " Dubose v. State, 113 So. 3d 863, 864 (Fla. 2d DCA 2012) (quoting Knighten v. State, 829 So. 2d 249, 252 (Fla. 2d DCA 2002)). We agree with the circuit court's finding that the presence of foreign DNA alone

- 2 -

on the victim's clothes would shed no light on Blackert's guilt or innocence; both parties agree that the victim had innocent contact with the other male occupants of Blackert's home and that her clothing could contain their DNA. However, we agree with Blackert that the presence of semen on the victim's clothing could only belong to her attacker. See Cardona v. State, 109 So. 3d 241, 247 (Fla. 4th DCA 2013) (explaining that DNA testing of physical evidence that could reasonably belong to the perpetrator and that was linked to the alleged crimes was required).

The record indicates that the victim wore the clothing before, during, and after the sexual battery. Blackert's expert testified that the negative results of the presumptive tests conducted by FDLE at the time of Blackert's trial are not conclusive and that STR and mini STR DNA testing could pinpoint DNA not identified by the presumptive tests. The expert also testified that there was a likelihood that semen would be found on the clothing given the facts of this case. Therefore, the circuit court's finding that testing of the victim's clothing was not likely to produce evidence that would result in acquittal was erroneous.

At the evidentiary hearing on Blackert's motion, the parties noted that the evidence bag containing the victim's clothing was slightly torn. However, neither side raised a chain of custody issue and Blackert's expert testified that contamination was unlikely to affect testing of the clothing. Therefore, the postconviction court's finding that there was a potential chain of custody issue as to the victim's clothing was not supported by competent, substantial evidence. See id. at 245.

Accordingly, we reverse and remand for DNA testing of the victim's clothing.

Affirmed in part, reversed in part, and remanded with instructions.

ALTENBERND and WALLACE, JJ., Concur.